# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# COURT FILE NO.: _____

_____

AMY ARNOLD,

               Plaintiff,                          **COMPLAINT**

v.

                                             **JURY TRIAL DEMANDED**

SELECT FINANCIAL SERVICES, INC.
and
BRUCE DOE,

               Defendants.

_____

## **INTRODUCTION**

1. This action arises from Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq.*

2. The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt. Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3).

3. The term "debt" as used in this Complaint means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

4. The term "debt collector" as used in this Complaint means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

### Plaintiff

7. Plaintiff Amy Arnold (hereinafter "Plaintiff"), is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under Section 803 of the FDCPA, 15 U.S.C. 1692k(a).

**Defendant Select Financial Services, Inc.**

8. Defendant Select Financial Services, Inc. (hereinafter "Defendant"), is a Pennsylvania corporation with its principal place of business located at 100 Old York Road, Jenkintown, PA 19046.

9. Defendant is a "debt collector," as defined by Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

**Defendant Bruce Doe**

10. Defendant Bruce Doe is a natural person employed at all times relevant herein by Defendant SFS.

11. Defendant Bruce is a "debt collector," as defined by Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

**FACTUAL SUMMARY**

12. Sometime prior to January 2013, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5), namely an line of personal credit through Applied Bank.

13. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant SFS for collection.

14. On or about February 26, 2013, Plaintiff retained Robert A. Christopher & Associates, LLC (hereinafter, "RAC") to provide Plaintiff with credit and debt consulting services to consumers and to manage Plaintiff's repayment of her debts.

15. Upon information and belief, Defendant SFS had actual knowledge of Plaintiff's retention of RAC.

*Defendants' July 9, 2013 Voicemail Communication with Plaintiff*

16. On July 9, 2013, Plaintiff received a voicemail from Defendant Bruce, calling on behalf of Defendant SFS.

17. Defendant Bruce stated he was the "litigations manager" for Defendant SFS.

18. Defendant Bruce indicated he was calling regarding Plaintiff's indebtedness to Applied Bank.

19. The July 9, 2013 voicemail was a "communication" as that term is defined by Section 803 of the FDCPA, 15 U.S.C. § 1692a(2).

20. Defendant Bruce stated in the voicemail that the account being collected by Defendant SFS had contact information for Plaintiff's "debt settlement company" associated with it.

21. RAC is the only company hired by Plaintiff with any authority to negotiate Plaintiff's debts. Upon information and belief, Defendant Bruce was referring to RAC.

22. Defendant Bruce stated in the voicemail that Defendant SFS had made numerous unsuccessful attempts to contact Plaintiff's "debt settlement company" and that Defendant SFS had never received a response to these alleged communication attempts.

23. Defendant Bruce stated in the voicemail that because RAC had failed to respond to Defendant SFS's communications, Applied Bank had "requested that [Defendant Bruce] proceed."

24. Defendant Bruce requested that Plaintiff return the telephone call and indicated that a settlement offer was available to Plaintiff "in lieu of litigation."

25. Plaintiff immediately notified RAC of the voicemail from Defendant Bruce and demanded RAC respond to Defendant Bruce. Plaintiff provided RAC with the contact information Defendant Bruce included in the July 9, 2013 voicemail.

26. RAC reviewed its call history and voicemails. RAC found no communications from either Defendant. RAC notified Plaintiff that there was no record of any communication received from either Defendant.

27. Defendant Bruce did not advise Plaintiff in the July 9, 2013 voicemail that any information obtained from Plaintiff would be used for the purpose of collecting Plaintiff's debt. Defendant Bruce therefore failed to advise Plaintiff of her rights as required by the FDCPA. Consequently, Defendants are in violation of Section 807 of the FDCPA, 15 U.S.C. §§ 1692e, and 1692e(11).

28. Defendant Bruce made false, deceptive and/or misleading representations regarding the intent of Defendant SFS to send Plaintiff's debt to litigation.

Defendants are therefore in violation of Section 807 of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

29. Defendant Bruce made false, deceptive, and/or misleading representations to Plaintiff that Defendants had made numerous attempts to contact RAC, creating doubt in the mind of Plaintiff that her financial affairs were being appropriately managed by RAC. Upon information and belief, Defendant Bruce made these false, deceptive, and misleading representations to induce fear and stress in Plaintiff sufficient to compel Plaintiff to disregard any counseling from RAC and instead enter a payment agreement with Defendant SFS directly. Defendants' misrepresentations were material because they led Plaintiff to doubt the wisdom of her decision to seek assistance from RAC in developing a plan to manage her finances and to trust that RAC was competently managing repayment of Plaintiff's financial obligations. Defendants' misrepresentations had the natural consequence of straining Plaintiff's relationship with RAC. Defendants are therefore in violation of Section 807 of the FDCPA, 15 U.S.C. §§ 1692e, and 1692e(10).

### *Defendants' July 9, 2013 Communication with Plaintiff's Family*

30. On July 9, 2013, Plaintiff's stepmother, who resides in California, received a telephone call from Defendant Bruce. Defendant Bruce requested to speak with Plaintiff. Plaintiff's stepmother indicated that Plaintiff did not reside at the home.

31. Defendant Bruce indicated he was calling with regard to a "financial civil matter" and that his client had a "very good offer" to extend to Plaintiff.

32. Defendant Bruce's call regarded the collection of a debt and is therefore a "communication" as that term is defined by Section 803 of the FDCPA, 15 U.S.C. 1692a(2).

33. Defendant Bruce made no request to confirm contact information for Plaintiff at any time during this conversation.

34. Defendant Bruce indicated that he had attempted to contact Plaintiff but had been unsuccessful.

35. Defendant Bruce requested that Plaintiff's stepmother communicate to Plaintiff that Defendant SFS had a settlement offer to extend to Plaintiff. Defendant Bruce provided Plaintiff's stepmother with contact information for Defendant SFS.

36. Defendant Bruce did not call Plaintiff's stepmother for the purpose of confirming or correcting location information. Defendants are therefore in violation of Section 804 of the FDCPA, 15 U.S.C. § 1692b(1).

37. Defendant Bruce disclosed to a third party that Plaintiff owed a debt. Defendants are therefore in violation of Section 804 of the FDCPA, 15 U.S.C. § 1692b(2).

38. Defendant Bruce made a communication to a person other than Plaintiff, Plaintiff's attorney or a credit bureau concerning Plaintiff's debt. Defendants

are therefore in violation of Section 805 of the FDCPA, 15 U.S.C. § 1692c(b).

## Actual Damages

39. Plaintiff suffered actual damages under the FDCPA in the form of sleeplessness, fear of answering the telephone, nervousness, embarrassment when talking to or seeing friends and family, depression, negative impacts on personal relationships, and physical manifestations of stress. Plaintiff suffers depression and panic disorder. Plaintiff reports being "mortified that [Defendant] Bruce called [her] parents" and fears additional attempts by Defendants to compel payment from Plaintiff by contacting other third parties with whom Plaintiff has a personal or professional relationship.

## Respondeat Superior Liability

40. The acts and omissions of Defendant Bruce, and/or the other debt collectors employed as agents by Defendant SFS who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant SFS.

41. The acts and omissions by Defendant Bruce and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant SFS in collecting consumer debts.

42. By committing these acts and omissions against Plaintiff, Defendant Bruce and these other debt collectors were motivated to benefit their principal, Defendant SFS.

43. Defendant SFS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

44. The above-detailed conduct by each Defendant violates numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

45. Each Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

**TRIAL BY JURY**

46. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions of each Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

49. As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

50. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

51. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff; and

52. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff.

                                             Respectfully submitted,

                                             MARTINEAU, GONKO & VAVRECK, PLLC

Dated:  July 22, 2013           s/ Mark L. Vavreck                                       .
                                             Mark L. Vavreck, Esq.
                                             Bar Number #0318619
                                             Attorney for Plaintiff
                                             Martineau, Gonko & Vavreck, PLLC
                                             Designers Guild Building
                                             401 North Third Street, Suite 600
                                             Minneapolis, MN 55401
                                             Telephone:  (612) 659-9500
                                             Facsimile:   (612) 659-9220
                                             mvavreck@mgvlawfirm.com